NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 12 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN BUSKER, on behalf of himself and all others similarly situated and the general public,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>WABTEC CORPORATION, a Pennsylvania corporation; et al.,<br><br>Defendants-Appellees. | No. 17-55165<br><br>D.C. No. 2:15-cv-08194-ODW-AFM<br><br>ORDER |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Argued and Submitted August 8, 2018
Submission Withdrawn September 6, 2018
Resubmitted April 12, 2022
Pasadena, California

Before: CLIFTON and CALLAHAN, Circuit Judges, and HOYT,[*] District Judge.

John Busker sued Wabtec alleging, *inter alia*, that it had failed to pay wages as required by the California Prevailing Wage Law. Busker appealed to us from the district court's grant of summary judgment in favor of Wabtec. We determined

---

[*] The Honorable Kenneth M. Hoyt, United States District Judge for the Southern District of Texas, sitting by designation.

that Busker's claim under the California Prevailing Wage Law turned on a question of California law:

> Whether work installing electrical equipment on locomotives and rail cars (i.e., the "on-board work" for Metrolink's PTC project) falls within the definition of "public works" under California Labor Code § 1720(a)(1) either (a) as constituting "construction" or "installation" under the statute or (b) as being integral to other work performed for the PTC project on the wayside (i.e., the "field installation work")?

We certified that question to the Supreme Court of California. *Busker v. Wabtec Corp.*, 903 F.3d 881 (9th Cir. 2018). That court accepted certification and on August 16, 2021, held that:

> This case involves two questions: (1) Does publicly funded work on rolling stock, like train cars, fall under the statutory definition of "public works"? (2) Alternatively, does the work on rolling stock in this case qualify as "public work" because it is integral to other activity that itself qualifies as public work? The answer to both questions is no.

*Busker v. Wabtec Corp.*, 492 P.3d 963, 966 (2021), *reh'g denied* (Sept. 29, 2021).

In accordance with that decision, Wabtec has moved for the entry of a final disposition affirming the district court's grant of summary judgment. Busker does not oppose the motion.

The district court's grant of summary judgment in favor of Wabtec on Busker's claim under the California Prevailing Wage Law is AFFIRMED.